[Cited, *Alexander v. Aud,* 28 Ky. L. 69, 88 S. W. 1103.]

---

BRADFORD'S ADMX. *v*. BRADFORD, ET AL.

[Kentucky Law Reporter, Vol. 4—947.]

Construction of Will.

> Where a testator in his will states "Being in full possession of all my mental faculties, but in feeble health, and about to start upon a long journey, and subject to the common casualties of others, I deem it prudent to provide for the disposition of my property in case I should not return," and then disposes of all his property, it is held that the use of the words "In case I should not return" did not render the will contingent, so that when he returned and lived some years thereafter it would be inoperative as a will, but that the use of such words were intended only to set forth reasons which induced him to make the will.

APPEAL FROM BRACKEN CIRCUIT COURT.

May 19, 1883.

OPINION BY JUDGE HARGIS:

J. J. Bradford wrote and published his last will and testament, disposing of his estate absolutely, beginning it in this language:

"Being in full possession of all of my mental faculties, but in feeble health, and about to start upon a long journey, and subject to the common casualties of others, I deem it prudent to provide for the disposition of my property in case I should not return." Then follows the unconditional disposition of his property.

It is contended that the words "in case I should not return" rendered the instrument contingent, and as he took the journey and returned without casualty it is void and inoperative as a testamentary paper. Those words do not constitute a condition upon which the will is dependent. In connection with the other words quoted, they simply set forth the circumstances which induced him to make his will before his departure for fear he might never return. The supposed condition is alone connected with the motive and reasons for the prudence he deemed it his duty to exercise; and it is evident he did not intend to say "In the event I do not return then I make the following disposition of my property or wish it disposed of in a particular mode," but that he had doubts of his return, which arose from his physical condition, the long journey he was about to take and the casualties which so often occur to travelers, and for these reasons he absolutely disposed of the whole of his estate without any condition whatever. Although he returned and lived several years afterward he preserved the paper, and it was found after his death in his drawer amongst his private papers. This fact, while not amounting to a statutory republication, shows that the testator believed publication unnecessary and was satisfied he had disposed of his property, and did not look upon the paper as void because he had returned.

None of the authorities cited conflict with this construction, but many of them sustain it. *Massie v. Griffin,* 2 Metc. (Ky.) 364, and *Dougherty v. Dougherty,* 4 Metc. (Ky.) 25, show plainly that the will was dependent upon the return alive of the testator, for he disposed of his property to take effect after the ascertainment or after an opportunity should be allowed for the ascertainment of the fact whether he returned alive.

Here Dr. Bradford disposed of his property first for the fear he might not return, wherefore the judgment is *affirmed.*

*Jordan & Bettman, for appellant.*

*W. H. Wadsworth, for appellees.*

[Cited, *Likefield v. Likefield,* 82 Ky. 589, 6 Ky. L. 640, 56 Am. Rep. 908.]